Bhangu v. Sessions

BIA
Wright, IJ
A200 896 488

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand seventeen.

PRESENT:
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

KULDIP SINGH BHANGU,
> *Petitioner,*

> v.                                              15-2953
>                                                 NAC

JEFF SESSIONS, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.**

_____

FOR PETITIONER:        Hardeep S. Rai, San Francisco, CA.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Keith I.
                       McManus, Assistant Director; Juria

---

∗ Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jeff Sessions is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

L. Jones, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kuldip Singh Bhangu, a native and citizen of India, seeks review of a September 1, 2015, decision of the BIA, affirming a January 31, 2014, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kuldip Singh Bhangu,* No. A200 896 488 (B.I.A. Sept. 1, 2015), *aff'g* No. A200 896 488 (Immig. Ct. N.Y. City Jan. 31, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008); *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009).

Adverse Credibility Determination

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the inherent plausibility of the applicant's . . . account, the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Bhangu was not credible as to his claim that his uncle tried to kill him in India on account of a dispute over his father's land.

The agency reasonably relied on Bhangu's demeanor, noting that he was evasive and vague when testifying. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005); *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003) ("Where an applicant gives very spare testimony . . . the IJ . . . may fairly wonder whether the testimony is fabricated . . . [and] may wish to probe for

3

incidental details."), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007). The agency's demeanor finding and the overall credibility determination were bolstered by Bhangu's inconsistent statements regarding whether his father had been arrested once or twice and whether Bhangu had accompanied his father to the police station to report his uncle's attack. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006); *see also Xiu Xia Lin*, 534 F.3d at 165-67.

Furthermore, the agency reasonably relied on Bhangu's omission of several material facts from his written statement. *See Xiu Xia Lin*, 534 F.3d at 166-67 & n.3 ("An inconsistency and an omission are . . . functionally equivalent."). He omitted the following facts: his uncle had the police arrest him in India; his uncle threatened his wife; and his mother died from a heart attack as a result of his family's land dispute. Bhangu did not compellingly explain any of these omissions from his written statement. *See Majidi*, 430 F.3d at 80.

Having questioned Bhangu's credibility, the IJ reasonably relied further on Bhangu's failure to rehabilitate his claim with certain corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an

4

applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). As the agency noted, Bhangu failed to submit the following evidence: objective evidence that his father owns the land at issue; medical records of his hospitalization; a letter from his maternal uncle with whom he purportedly hid; and a letter from his wife. Furthermore, the IJ reasonably concluded that the affidavits from Bhangu's father and village leader were entitled to little weight because the authors were not available for cross-examination and his father's affidavit was inconsistent with Bhangu's testimony (regarding the number of times his father was arrested and whether they went to the police station together). *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013).

Given the demeanor, inconsistencies, and lack of corroboration, the agency's adverse credibility determination is supported by substantial evidence. 8 U.S.C. § 1158(b)(1)(B)(iii). That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

5

## Due Process Claim

Bhangu argues that his due process rights were violated given problems with the interpreter at his hearing before the IJ. "To establish a violation of due process, an alien must show that []he was denied a full and fair opportunity to present h[is] claims or that [he was] otherwise deprived . . . of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks omitted). "Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (internal quotation marks omitted).

Bhangu was not deprived of a full and fair opportunity to present his claim or prejudiced as a result of interpreter error. The interpreter made three errors at the beginning of Bhangu's hearing. Each error was immediately identified by the IJ and Bhangu's attorney. The IJ instructed the interpreter to proceed more cautiously, and the record does not demonstrate any subsequent errors. Furthermore, when Bhangu's testimony became confused about dates, the IJ provided Bhangu an opportunity to clarify and confirmed that he understood the

6

interpreter.  On another such occasion, Bhangu admitted that he, and not the interpreter, had provided the wrong date.

Accordingly, because the IJ ensured that any errors in interpretation were corrected and did not rely on any incorrectly translated testimony to deny relief, Bhangu was not deprived a fair hearing or prejudiced.  *See Burger*, 498 F.3d at 134; *see also Garcia-Villeda*, 531 F.3d at 149.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

7